BONIN, J.,
concurs with reasons.
hi respectfully concur in vacating the actions of the district court and reinstating the evidentiary rulings at the agency level.
When DDS filed his petition for judicial review, he was invoking the district court’s appellate jurisdiction pursuant to La. Const, art. 5, § 16(B) (“A district court shall have appellate jurisdiction as provided by law.” [emphasis added]). The pertinent portion of La. R.S. 37:786(A)(1) provides that there must be a showing of “irreparable harm” as the sine qua non for the district court to exercise its jurisdiction over agency decisions[1] which are not final adjudications. Because DDS could not establish irreparable harm from the agency’s rulings, the district court is without constitutional authority to exercise its judicial review function prior to a final administrative adjudication.
Because the district court was without authority to review the agency’s evidentia-ry rulings, its decision must be vacated and the agency’s rulings reinstated. For all the reasons and considerations expressed in Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Board, 01-0185 (La.10/16/01), 797 So.2d 656, we too are without authority to determine the correctness of the 12agency’s rulings. The correctness of the agency’s evidentiary rulings may subsequently be considered by the district court in the context of an appeal from a final adjudication under the provisions of La. R.S. 37:786(1). But the only relief to be granted now is to vacate the district court’s decision and reinstate the agency’s evidentiary rulings.

. Agency's decisions include the entire Louisiana State Board of Dentistry as well as its subsidiary disciplinary committee. See La. R.S. 37:786(A)(1) which reads in pertinent part: (“Where board, whether through a disciplinary committee or the entire board, renders a decision in an administrative adjudication, the party aggrieved by it may resort to the civil district court for the parish of Orleans for judicial review.”) [emphasis added]